JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA PARRA,<br><br>            Plaintiff,<br><br>       v.<br><br>CITIZENS TELECOM SERVICES COMPANY LLC d/b/a FRONTIER COMMUNICATIONS, a Delaware limited liability company; MONICA GRANDA, an individual; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No. 2:23-cv-02962-SPG-PD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 15]** |

   Before the Court is Plaintiff Karla Parra's motion to remand to the Superior Court of California for the County of Los Angeles. (ECF No. 15). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds this matter suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Central District of California Local Rule 7-15. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

I.  **BACKGROUND**

On March 16, 2023, Plaintiff Karla Parra filed a complaint in the Superior Court of California for the County of Los Angeles ("LASC") against Defendants Citizens Telecom Services Company, LLC ("CTSC") and Monica Granda. (ECF No. 1-2 ("Compl.")). Plaintiff asserts 13 causes of action, including claims of disability discrimination, marital status discrimination, work environment harassment, retaliation, failure to provide reasonable accommodation, and wrongful termination. The only cause of action Plaintiff alleges against Granda is for work environment harassment. *See* (*id.* ¶¶ 114–130).

On April 19, 2023, CTSC timely removed this action from LASC based on diversity jurisdiction. (ECF No. 1). On May 16, 2023, Plaintiff timely moved to remand. (ECF No. 15 ("Mot.")). CTSC opposed on June 14, 2023. (ECF No. 22 ("Opp.")). On June 28, 2023, Plaintiff replied. (ECF No. 28 ("Reply")).

II.  **LEGAL STANDARD**

To remove a case from a state court to a federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, meaning each plaintiff has different citizenship than each defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

## III. DISCUSSION

### A. Diversity

It is undisputed that both Plaintiff and Granda are citizens of California for purposes of diversity. *See* (Opp. at 8–9). Nevertheless, CTSC argues that Granda's citizenship should be disregarded because, when CTSC removed this case, Granda had not yet been served. (*Id.* at 9–10). CTSC relies on the forum-defendant rule, which provides that "[a] civil action otherwise removable . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). CTSC contends that courts in the Central District permit "snap removal" of an action in which a named defendant has not been properly joined and served. (Opp. at 10). Because Granda had not been served at the time of removal, CTSC argues that the forum-defendant rule did not apply and that its removal of the case was therefore proper. (*Id.* at 9–10).[1]

However, CTSC misconstrues the forum-defendant rule. An action qualifies as "otherwise removable solely on the basis of 1332(a)," if complete diversity of citizenship exists between the parties and if the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1441(b)(2). The forum-defendant rule applies only where complete diversity exists when the unserved defendant is a citizen of the forum state. *See Ross v. United Airlines, Inc.*, No. 2:22-cv-01532-SB-GJS, 2022 WL 1302680, at *2 (C.D. Cal. Apr. 30, 2022). For example, if a "Nevada citizen sues a California citizen in California state court, the case is not subject to removal if the California citizen is 'properly joined and served.'" *Id.* (citing 28 U.S.C. § 1441(b)(2)). "While there is complete diversity in this hypothetical (whether or not the California citizen is served), the forum-defendant rule precludes removal if the

---

[1] CTSC also argues that the Court should not consider Plaintiff's motion pursuant to Local Rule 7-4 because Plaintiff did not meet and confer with CTSC's counsel prior to filing this motion. (Opp. at 9). Plaintiff responds that she informed CTSC in writing of her intent to file a motion to remand on April 30, 2023, and reiterated her intention on multiple occasions thereafter. (Reply at 2). The Court accepts Plaintiff's representation and finds that Local Rule 7-4 was satisfied.

California citizen is 'properly joined and served.'" *Id.* The forum-defendant rule just prohibits properly joined and served defendants who are citizens of the forum state from removing actions when *complete diversity* exists.

However, the forum-defendant rule does not apply to defendants who destroy diversity, such as Granda. It is well-established that the Court "cannot ignore a defendant's citizenship simply because the defendant has not been served." *See Gralnik v. DXC Tech., Inc.*, No. CV 21-7436-GW-JCX, 2021 WL 5203333, at *3 (C.D. Cal. Nov. 8, 2021) (citing *Chavez v. Schlumberger Tech. Corp.*, No. 21-CV-04817-MWF-(MARx), 2021 WL 3403741, at *3 (C.D. Cal. Aug. 4, 2021); *see also Greenway Nutrients, Inc. v. Pierce*, No. CV 22-03322-MWF (AFMx), 2022 WL 17486359, at *2 (C.D. Cal. Dec. 6, 2022) (finding that courts "must consider the citizenship of all [d]efendants in evaluating diversity jurisdiction, regardless of any service issues"). Thus, in removing this case, CTSC "not only misapplies the forum-defendant rule but also flies in the face of Ninth Circuit law." *See Ross*, 2022 WL 1302680, at *2 (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (holding that the existence of diversity in the context of removal "is determined from the fact of citizenship of the parties named and not from the fact of service")); *see also Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78 (9th Cir. 1979) ("[The Ninth Circuit] has specifically rejected the contention that § 1441(b) implies that service is the key factor in determining diversity.").

CTSC's assertion that the Ninth Circuit has not conclusively decided this issue is incorrect. *See* (Opp. at 10). The Ninth Circuit has not yet addressed whether the Forum Defendant Rule bars pre-service removal in actions where complete diversity exists. *See Hong Kong Cont'l Trade Co. Ltd. v. Nat. Balance Pet Foods, Inc.*, No. LA CV22-00571 JAK (AFMx), 2023 WL 2664246, at *4 (C.D. Cal. Mar. 28, 2023). However, the Ninth Circuit has conclusively held that the Forum Defendant Rule cannot be employed to a ignore "a resident defendant whose presence would defeat diversity." *See Vitek*, 412 F.2d at 1176 n.1; *see also Greenway*, 2022 WL 17486359, at *2 (noting that "courts have uniformly held the same – e.g., that the Court may not exercise diversity jurisdiction solely

because only diverse defendants have been served, while non-diverse defendants have not been served").[2]  Thus, because diversity is determined based on the citizenship of the parties and not from the fact of service, the Court must consider Granda's citizenship. Since the parties do not dispute that both Plaintiff and Granda are citizens of California, the Court lacks diversity jurisdiction over this action.

### B. Fraudulent Joinder

Alternatively, CTSC argues that complete diversity exists because Plaintiff fraudulently joined Granda as a sham defendant. (Opp. at 11). Although diversity jurisdiction usually requires complete diversity of citizenship, that requirement is relaxed "where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Joinder can be fraudulent in one of two ways. First, there can be "actual fraud in the pleading of jurisdictional facts." *Grancare*, 889 F.3d at 548–49. Second, it can be fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044.

---

[2] Every case cited by CTSC is inapposite because complete diversity existed between the parties in each case. *See, e.g.*, *Choi v. Gen. Motors LLC*, No. CV 21-5925-GW-MRWx, 2021 WL 4133735, at *2 (C.D. Cal. Sept. 9, 2021) (finding that the plain language of § 1441(b)(2) allowed snap removal for an action where diversity of citizenship was not disputed); *Monfort v. Adomani, Inc.*, No. 18-CV-05211-LHK, 2019 WL 131842, at *1 (N.D. Cal. Jan. 8, 2019) (permitting snap removal for an unserved defendant who was a citizen of the forum state but diverse from the plaintiff); *Dechow v. Gilead Sciences, Inc.*, 358 F. Supp. 3d 1051, 1054 (C.D. Cal. 2019) ("The parties do not dispute that complete diversity exists . . ..").

The burden of proving fraudulent joinder is a heavy one. "[T]here is a general presumption against fraudulent joinder," but it will be found if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hamilton*, 494 F.3d at 1206 (quotation omitted). The removing party must prove there is "no possibility that the plaintiff could prevail on any cause of action it asserted against the non-diverse defendant." *Gonzalez v. J.S. Paluch Co.*, No. 12-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. 2013). Merely a "glimmer of hope" that plaintiff can sustain a claim is enough to prevent application of the fraudulent joinder doctrine. *Id.* "In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant." *Marin v. FCA US LLC*, No. 2:21-CV-04067-AB-PDX, 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021).

Plaintiff's fifth cause of action against Granda alleges a work environment harassment violation under the Fair Housing and Employment Act ("FEHA"). (Mot. at 11). The FEHA makes it unlawful "[f]or an employer . . . or any other person" to harass an employee because of physical disability, medical condition, or marital status. Cal. Gov't. Code § 12940(j)(1). "The elements of a hostile work environment claim under FEHA are (1) the plaintiff belongs to a protected group; (2) the plaintiff was subjected to unwelcome harassment because of being a member of that group; and (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Randall v. Automatic Data Processing Inc.*, No. 5:21-cv-01223-JWH-KKx, 2022 WL 843460, at *3 (C.D. Cal. Mar. 21, 2022) (citation omitted).

There is more than a "glimmer of hope" that Plaintiff can establish a harassment claim against Granda. Plaintiff alleges that she injured her arm and received work restrictions from her doctor and that, after her injury and request for accommodations, Granda "started micromanaging Plaintiff, talking down to her, and threatening to write Plaintiff up even when she was properly performing her job duties." (Compl. ¶¶ 12–13). Plaintiff additionally alleges that Granda made disparaging comments about her marital

status while Plaintiff was "going through a separation." (*Id.* ¶ 14). For example, when Plaintiff approached Granda to request time off to care for her children, Granda commented, "I am a single mom and I don't need anyone to help me." (*Id.*). Plaintiff further alleges that Granda did not allow Plaintiff to use family leave to take care of her disabled son and retaliated against Plaintiff during the COVID pandemic when Granda asked Plaintiff to come into work and explain her absences even though CTSC had asked their employees to work remotely. (*Id.* ¶¶ 17, 19).

Even if CTSC raises valid arguments regarding whether Plaintiff's harassment claim, "as presently alleged, could survive a motion to dismiss, the fact that a claim may fail on a motion to dismiss does not necessarily mean that [Granda] was fraudulently joined." *See Palencia Caba v. Caleres, Inc.*, No. 2:21-CV-02012-KJM-AC, 2022 WL 1138077, at *4 (E.D. Cal. Apr. 18, 2022) (finding similar allegations sufficient to reject a claim of fraudulent joinder); *Randall*, 2022 WL 843460, at *3 (same). Thus, the Court finds that CTSC has not met its heavy burden to show that Granda was fraudulently joined as a sham defendant. Accordingly, this Court lacks federal subject matter jurisdiction because the parties are not diverse and Plaintiff alleges only state causes of action.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This action is **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

Dated: August 7, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE